[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, William Jones, filed a suit in which he alleged that defendant-appellee, Tree Images, Inc., negligently caused tree limbs to fall on and damage the roof of a building that he owned. Following a bench trial, the court found that Tree Images had not caused the damage to the building and entered judgment in its favor. In his sole assignment of error, Jones contends that the trial court's judgment was against the manifest weight of the evidence.
Our review of the record shows that the trial court's judgment was supported by competent, credible evidence going to all essential elements of the case. Consequently, this court cannot reverse it as being against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276; C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. The record shows that the case turned upon the credibility of the witnesses. In any case, civil or criminal, the weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; Brokamp v. Mercy Hosp.Anderson (1999), 132 Ohio App.3d 850, 874, 726 N.E.2d 594, 611. Accordingly, we overrule Jones's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.